IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN MACKEY                                                                                          PLAINTIFF

v.                                              CIVIL NO. 20-2236

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Karen Mackey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on June 18, 2019, alleging an inability to work since October 25, 2018, due to spondylolisthesis.  (Tr. 122, 227, 234). An administrative telephonic hearing was held on May 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 26-42).

By written decision dated May 22, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, carpal tunnel syndrome, hypertension, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 14).   The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except can occasionally climb, balance, crawl, kneel, stoop and crouch; can frequently finger and handle bilaterally.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a call out operator, a document preparer, and an addresser. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied the request on November 4, 2020. (Tr. 1-7). Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 19, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) the RFC is inconsistent with the evidence; and 2) the ALJ did not prove at Step Five that there are jobs that Plaintiff can perform. (ECF No. 19). Defendant argues the ALJ properly considered all of the evidence, including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 20). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). A review of the record revealed that during the time period in question, Plaintiff was able to take care of her personal hygiene; prepare meals; perform household chores; drive; shop for food and essentials; and to attend church and socialize with others. (Tr. 280). The Court notes in May of 2019, Plaintiff sought treatment for chest wall pain after catching herself midfall while helping her significant other, who was in a body brace, transfer positions. (Tr. 334). At that time, Plaintiff indicated that she had been lifting him and aiding in all of his activities of daily living. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a call out operator, a document preparer, and an addresser. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 20th day of January 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE